9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alton CRISP, Defendant-Appellant.
 No. 89-50289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alton Crisp appeals his conviction following a jury trial for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Crisp contends the district court erred by (1) admitting without proper foundation in-court identification testimony and (2) denying his motion for judgment of acquittal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Officer Williams' Identification of Crisp
 
 
 4
 Crisp contends the district court erred when it permitted a government witness, Officer Charles Williams, to identify Crisp in court on the basis of having heard Crisp's voice during the investigation into the offense of conviction. This contention lacks merit.
 
 
 5
 We review for an abuse of discretion the district court's rulings on both the admissibility of evidence and in-court identification testimony. United States v. Duran, No. 91-30336, slip op. 9787, 9791 (9th Cir. Sep. 9, 1993).
 
 
 6
 Identification is permitted where the evidence is "sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a); see also Duran, slip op. at 9791. Voice identification evidence may be "based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed.R.Evid. 901(b)(5). Familiarity with the speaker's voice may be obtained either before or after the particular speaking which is the subject of the identification testimony. See Fed.R.Evid. 901 advisory committee's note (example 5); see also United States v. Thomas, 586 F.2d 123, 133 (9th Cir.1978).
 
 
 7
 Here, outside the presence of the jury, Officer Williams testified to the following facts. Officer Williams had previous experience speaking with and listening to persons having Jamaican accents. On November 16, 1988, Officer Williams was working undercover on a narcotics investigation. Posing as a United Parcel Service (UPS) employee, Officer Williams telephoned a number given to UPS by a person trying to trace three packages known by the police to contain cocaine. A soft-spoken man with a slight Jamaican accent answered the telephone and Officer Williams spoke with him for approximately thirty seconds. The man told Officer Williams that he could not talk on that number and gave Williams the number for a portable telephone.
 
 
 8
 Officer Williams telephoned the other number and talked with a different man whose voice Williams described as being deeper and having a heavier Jamaican accent than the voice of the first man with whom he spoke. Officer Williams called the portable telephone a second time and spoke again with the first man, whom he recognized by the soft voice. Their conversation lasted approximately thirty seconds.
 
 
 9
 After Crisp and his co-defendant, Garfield Nation, had been arrested, Officer Williams stood within a few feet of the men and listened to them speak to a detective for approximately five minutes. Based on his aural and visual observations, Officer Williams was able to identify Crisp and Nation's voices as belonging to the two men with whom he had spoken on the telephone. Officer Williams identified Crisp as the man with whom he had spoken in the first and third telephone calls and Nation as the man with whom he had arranged the meeting during the second call.
 
 
 10
 Based upon this evidence, the district court did not abuse its discretion by finding that the circumstances surrounding Officer Williams' voice identification of Crisp established a sufficient foundation to support his in-court testimony. See Duran, slip op. at 9791.
 
 
 11
 Neither did the district court err by admitting Officer Williams' in-court visual identification of Crisp. When reviewing the reliability of an in-court identification, we consider several factors:
 
 
 12
 "the opportunity of the witness to [hear] the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal['s voice], the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation."
 
 
 13
 Duran, slip op. at 9792 (alterations in original) (quoting United States v. Carbajal, 956 F.2d 924, 929 (9th Cir.1992)).
 
 
 14
 Officer Williams' in-court visual identification of Crisp based on his prior voice identification was sufficiently reliable. See Duran, slip op. at 9792. Officer Williams spoke with the first male twice within a matter of hours while he was working on a narcotics investigation suggesting that he undoubtedly gave his full attention to the voices of the persons with whom he spoke. See id. Officer Williams later heard overheard the defendants speaking at the police station and recognized the voice of the smaller man as being that of the first person with whom he had spoken on the telephone. See id.
 
 
 15
 At the hearing on admissibility, Officer Williams identified Crisp as the second person to whom he had spoken on the telephone and Nation as the first person to whom he had spoken. When he testified before the jury, he identified Crisp as the first person to whom he had spoken on the telephone. Officer Williams explained the discrepancy on cross-examination. At the admissibility hearing, both defendants were seated at counsel table so he could not tell which man was larger. When the defendants stood during the break, Officer Williams realized that Crisp was the smaller of the two men whom he had recognized as having the softer voice with the slight Jamaican accent.
 
 
 16
 Based upon this evidence, we hold that the district court did not abuse its discretion when it found Officer Williams possessed sufficient familiarity with Crisp's voice to admit the in-court identification. See Duran, slip op. at 9791-92.
 
 II
 Motion for Judgment of Acquittal
 
 17
 Crisp also challenges the sufficiency of the evidence to support his conviction. This challenge lacks merit.
 
 
 18
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 19
 The crime of conspiracy consists of three elements: (1) an agreement to accomplish an illegal objective; (2) one or more overt acts in furtherance of the illegal objective; and (3) the intent to commit the underlying substantive crime. The agreement may be inferred from the facts and circumstances of the case. Although mere proximity to the scene of illicit activity is insufficient to establish involvement in a conspiracy, a defendant's presence may support that inference when viewed in light of other evidence. "Once a conspiracy exists, evidence establishing beyond a reasonable doubt defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict the defendant of knowing participation in the conspiracy."
 
 
 20
 United States v. Ray, 930 F.2d 1368, 1371 (9th Cir.) (citations omitted) (quoting United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987)), cert. denied, 498 U.S. 1124 (1991).
 
 
 21
 Here, Crisp does not contest the existence of a conspiracy but argues that the evidence was insufficient to show that he was aware of the conspiracy's existence or acted to further it. We disagree.
 
 
 22
 Officer Williams identified Crisp as the man who answered the telephone at the number given to UPS by a person trying to trace three boxes containing cocaine. Officer Williams testified that when he identified himself as a UPS employee with something that Crisp wanted, Crisp asked "Have you got it?" Officer Williams responded affirmatively, and Crisp told him he could not "talk here right now" but gave Williams the number for a portable telephone. Crisp asked Officer Williams to call him in fifteen minutes. When Officer Williams called the new number, he spoke to a different man and arranged to meet at a convenience store that evening to exchange the boxes for $100.
 
 
 23
 Detective Warren, conducting surveillance of the convenience store, observed Crisp drive slowly through the store parking lot several times immediately before the meeting was to take place. Crisp then parked in the convenience store lot.
 
 
 24
 Officer Williams, waiting inside the convenience store, saw Crisp enter the store, look him over, then leave. When Officer Williams called the portable telephone, Crisp answered. Crisp told Officer Williams they could not meet at the convenience store and they would have to meet elsewhere. Officer Williams told Crisp he had to go back to work and left in a UPS van.
 
 
 25
 Detective Warren observed Crisp follow Officer Williams from the convenience store parking lot to the UPS building. When the police arrested Crisp and Nation, they recovered a portable telephone which was assigned the telephone number Crisp had given to Officer Williams.
 
 
 26
 In view of the evidence that (1) Crisp spoke to Officer Williams on two occasions regarding return of the missing packages, (2) Crisp entered the convenience store and looked at Williams, and (3) Crisp drove the car to the convenience store and followed Officer Williams to UPS after the aborted meeting, we hold the district court did not err by denying the motion for acquittal. Ray, 930 F.2d at 1371. The government presented sufficient evidence to permit a rational trier of fact to find Crisp conspired to possess and distribute cocaine. Id.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3